[906 NYS2d 719]

Cesar Ayora, Plaintiff, v Ashley Young et al., Defendants.

Supreme Court, Queens County, July 30, 2010

## APPEARANCES OF COUNSEL

*Cascone & Kluepfel, LLP*, Garden City (*Gary Austin Manso* of counsel), for Class One Construction Ltd. Corp, third-party plaintiff. *Law Offices of Michael A. Cervini*, Jackson Heights (*Michael A. Cervini* of counsel), for plaintiff. *Ahmuty, Demers & McManus*, Albertson, for Ashley Young, defendant.

## OPINION OF THE COURT

CHARLES J. MARKEY, J.

The motion for a default judgment by defendant/third-party plaintiff Class One Construction Ltd. Corp. against third-party defendant C.F. Arquiglass Corp., dated February 19, 2010, although unopposed, raises an interesting issue on the proper procedure in pursuing a default judgment when the service of the third-party complaint was made upon the Secretary of State of New York pursuant to the provisions of Business Corporation Law § 306.

The action by the plaintiff was for personal injuries sustained during a construction site mishap. Plaintiff brings this action pursuant to Labor Law §§ 240 and 241.

Service of the third-party complaint was made by the third-party plaintiff on November 18, 2009, upon an authorized agent in the Office of the Secretary of State.

On the initial return date of the motion for a default judgment against C.F. Arquiglass, the undersigned's Principal Law Clerk, Howard L. Wieder, Esq., noticed that the motion, while served on all parties, was not served upon the target of the motion, the defaulting third-party defendant C.F. Arquiglass. Mr. Wieder invited moving counsel to brief the issue as to whether the motion, as a matter of procedural correctness and fundamental fairness, also had to be served upon C.F. Arquiglass.

Reacting to Mr. Wieder's invitation made at the motion calendar of March 25, by letter dated April 7, 2010, Gary Austin Manso, Esq., of Cascone & Kluepfel, LLP, attorneys for the moving third-party plaintiff, wrote and sent a letter to C.F. Arquiglass, sent to two of its offices in Queens County, New York. The letter advised C.F. Arquiglass of the pendency of the motions and enclosed copies, with each of the two letters, of the motion for a default judgment.

Mr. Manso, on the subsequent return date of June 10, 2010, handed to Mr. Wieder a copy of his April 7 letter, made part of this record.

On or about June 21, 2010, after the motion had been marked "Fully Submitted, No Opposition," Mr. Wieder called Mr. Manso to inquire whether Mr. Manso had received any response to his letter of April 7. Mr. Manso responded no, and Mr. Wieder asked him for a letter submission to document his assertion. By letter dated June 23, 2010, Mr. Manso, affirming under the penalty of perjury, stated that he received no response from C.F. Arquiglass and expressed his willingness to vacate the default if the third-party defendant would serve and file an answer. Mr. Manso served all parties with a copy of his June 23 letter and mailed it also to C.F. Arquiglass at both of its offices or locations. His letter of June 23 has also been marked as part of the record on this motion.

Professor David D. Siegel, in New York Practice (4th ed 2005), states:

> "CPLR 3215(g) . . . requires that in certain cases at least 20 days additional notice by mail be given before a default judgment may be taken against an individual on a contract claim for money, or against a corporation served under § 306 of the Business Corporation[ ] Law. Those categories are clear and specific. . . .
>
> "[The requirement] violate[s] the adage about letting sleeping dogs lie." (Siegel, NY Prac § 296, at 481-482 [4th ed]; CPLR 3215 [g].)

In the present case, Mr. Wieder's instincts on the law were confirmed by the independent legal research set forth above. Counsel for the third-party plaintiff should have served the additional notice on C.F. Arquiglass, which had been served with the third-party complaint pursuant to Business Corporation Law § 306, *before* having moved for its default judgment.

Although counsel for the third-party plaintiff did not comply literally with the requirements of the law before having made its motion, the purpose and spirit of the law had been complied with by the subsequent mailing to C.F. Arquiglass with a letter notice dated April 7, 2010, enclosing copies of the motion for a default judgment. The provision requiring 20 days' notice was complied with by the letter of counsel dated June 23, 2010, showing that C.F. Arquiglass had more than 20 days to respond to Mr. Manso's April 7 letter. Although compliance with the law's requirements were spurred by Mr. Wieder's correct observations, counsel for the third-party plaintiff did jump through all of the hoops set up by the law, although not in the

right order. The spirit of the law, in short, had been complied with faithfully so as to avoid causing a default where the service was made through the Office of the New York Secretary of State.

An inquest on damages against the third-party defendant C.F. Arquiglass shall await the trial of the action against the other defendants so as to determine the damage sustained by plaintiff.

Mr. Manso is directed to serve a copy of this order bearing the Clerk's date of its entry together with notice of entry upon third-party defendant C.F. Arquiglass and all other parties.